```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

**Mustafa Kuruca**              :
                                :
**v.**                          :       **No. 3:06cv1157 (JBA)**
                                :
**Alberto Gonzales, et al.**    :


## RULING ON PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND PETITIONER'S EMERGENCY MOTION FOR STAY OF REMOVAL

On July 27, 2006, Mr. Mustafa Kuruca, a native of Turkey, filed both a Petition for a Writ of Habeas Corpus, pursuant to 8 U.S.C. § 1252(e)(2)[1] [Doc. #1], and an Emergency Motion for Stay of Removal [Doc. #3]. As the government had not yet scheduled a removal date for Mr. Kuruca, who is represented by counsel, the Court denied the Emergency Motion for Stay and issued an Order to Show Cause why the habeas should not be granted [Doc. #5/6]. On August 31, 2006, the government submitted a Memorandum of Law opposing the habeas petition and the stay motion [Doc. #7], and petitioner submitted his Response [Doc. #8] on September 15, 2006.

### I. Background

Kuruca has been ordered deported on inadmissibility grounds, as he is a noncitizen who entered the country on October 31, 2000

---

[1] Pursuant to the REAL ID Act of 2005, Div. B of Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub. L. N. 109-13, 119 Stat. 231, habeas petitions previously filed under 28 U.S.C. § 2241 by noncitizens must now be filed under 28 U.S.C. § 1252(e)(2).

1

using fraudulent documents — which petitioner admits — in violation of sections 212(a)(6)(C)(I) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") (8 U.S.C. §§ 1182(a)(6)(C)(I), 1182(a)(7)(A)(i)(I)).  (See Resp. Ex. A at 1; Petr. Habeas Pet. at 4.)  According to petitioner, he then requested and had an asylum interview on November 14, 2000, pursuant to INA sections 208 and 235(b) (8 U.S.C. §§ 1158, 1225(b)), at which petitioner represents that he was found to have a "credible fear of persecution" in his country of origin, substantiating a "significant possibility" of obtaining asylum at a full asylum hearing.  (See Petr. Emergency Mot. at 2.)  On November 16, 2000, Kuruca was processed at the Krome Service Processing Center in Miami, and was served on November 17, 2000 with a Notice To Appear for a hearing before an immigration judge, with the date left "To Be Determined."  (See Resp. Ex. A.)

Petitioner failed to appear at his hearing, which was, apparently, eventually scheduled for January 23, 2001 before Immigration Judge Scott G. Alexander in Miami, Florida, resulting in the issuance of an in absentia order of removal under I.N.A. § 140(b)(5).  (See Resp. Exs. B and C.)  Although the government claims that it properly notified petitioner of his removal hearing, petitioner maintains that he resided at the same address in Middletown, Connecticut from 2000 until his arrest on July 7, 2006, and never received notice of his hearing pursuant to INA

section 238(a)(1),(2).  (See Petr. Habeas Pet. at 4; Petr. Emergency Mot. at 3; Petr. Response at 1, Ex. 3 at 3.)[2]  The government does not provide a copy for the Court's review of any notice to petitioner containing this specified hearing date and time.

Thereafter, the government sent petitioner a "bag and baggage letter" requiring him to report for departure on May 11, 2001.  (See Resp. Ex. C.)  While this letter bears Kuruca's Middletown, Connecticut address, it reflects mailing only by a certified mail stub that does not list petitioner's address or include a return receipt showing delivery.  (Id.)  Petitioner failed to appear for removal, and Immigration and Customs Enforcement officials arrested petitioner on July 7, 2006, and subsequently detained him at the Hartford Correctional Facility, where he is currently being held.  (See Resp. Mem. at 1-2.)  Petitioner claims that he filed a Stay of Execution of Removal with the Bureau of Immigration and Customs Enforcement in Hartford on July 26, 2006, which was denied the next day.  (See Petr. Habeas Pet. at 5.)

**II. Law**

The REAL ID Act ("REAL ID"), Div. B of the Emergency

---

[2] On the same page of his memorandum, however, petitioner claims: "On Aril [sic] 4, 2006, Petitioner remarried to Carrie Kuruca . . . and they reside at 39 Calvin Street, West Springfield, Massachusetts, 01089."

Case 3:06-cv-01157-JBA   Document 11   Filed 09/22/06   Page 4 of 10

Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub. L. N. 109-13, 119 Stat. 231, was enacted on May 11, 2005, bringing changes to various provisions of the INA.  Section 106 of REAL ID provides that:

> [For a noncitizen's case] challenging a final administrative order of removal, deportation, or exclusion. . . pending in a district court on the date of the enactment of this division, . . . the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the [INA].

Pub. L. N. 109-13 § 106(c) (2005).  Pursuant to REAL ID, section 242(b)(2) of the INA now reads, "With respect to review of an order of removal . . . [t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings," 8 U.S.C. § 1252(b)(2).

Thus, to comply with INA section 242, noncitizens must now file habeas corpus petitions with the courts of appeal, and district courts have no authority to hear such petitions insofar as they challenge final orders of removal.  "[A] petition for review filed with the appropriate court of appeal in accordance with [8 U.S.C. § 1252] shall be the sole and exclusive means" by which an alien can challenge a final order of removal.  REAL ID Act § 106(a)(5), Pub. L. N. 109-13 § 106(c) (2005).

4

**III. Discussion**

    **A. Habeas Petition**

In Kuruca's habeas petition, he seeks relief from detention under 8 U.S.C. § 1252(e)(2), asserting that, "Such restraint is illegal in that Petitioner is legally eligible for adjustment and admission into the United States, while being physically present in the United States."  (See Petr. Habeas Pet. at 2.)  Petitioner based his argument on his U.S. citizen wife's intention to submit an I-130 visa application on his behalf[3] and his intent to petition for adjustment of status under INA section 245 (8 U.S.C. § 1255).  No matter how styled, the substance of Kuruca's petition challenges the legality of the final order of removal, not a matter independent from the removal order, and the petition is therefore improperly before this Court under INA § 242(b)(2) (8 U.S.C. § 1252(b)(2)).

Since petitioner's final order of removal was issued by an immigration judge in Florida, his habeas petition should have been filed in the Eleventh Circuit.  While section 106(c) of the REAL ID Act directs transfer of petitions in habeas cases that were pending on May 11, 2005,[4] the date of enactment of the REAL

---

    [3] The I-130 application was filed August 7, 2006.  (See Petr. Response Ex. 2.)

    [4] See, e.g., Moreno-Bravo v. Gonzales, -- F.3d --, 2006 WL 2615254 (2d Cir. Sept. 12, 2006) ("Regarding habeas petitions challenging a final order of removal that were still pending in district court at the time of REAL ID's enactment, § 106(c)

ID Act, habeas petitions misfiled in the district court after the enactment of REAL ID must be dismissed.  See, e.g., Lovelace v. District Director, No. 06CV262, 2006 WL 680565 (D. Conn. Mar. 15, 2006); De Leon Morillo v. DHS, No. 06CV340, 2006 U.S. Dist. LEXIS 20070 (N.D.N.Y. Apr. 17, 2006); Ren Hui Hu v. Gonzalez, No. 06CV1877, 2006 WL 1720433 (E.D.N.Y. June 21, 2006); Munoz v. Gonzalez, No. 05CV6056, 2005 WL 1644165 (S.D.N.Y. July 11, 2005). Accordingly, the Court dismisses Kuruca's Petition for Writ of Habeas Corpus without prejudice to immediate refiling in the Eleventh Circuit.

**B. Emergency Motion for Stay of Removal**

The Court initially denied petitioner's Emergency Motion for Stay [Doc. #5/6] and ordered the government to show cause why petitioner's habeas petition should not be granted.  The government responded with its memorandum in opposition, filed August 31, 2006 [Doc. #7], addressing not only petitioner's improperly filed habeas petition but also his motion for stay. Petitioner's Response [Doc. #8] addresses only the government's argument that petitioner failed to act promptly after receiving the in absentia deportation order of January 23, 2001 and "bag and baggage letter" of April 19, 2001 by noting that he could not

---

instructed district courts to transfer such petitions to the court of appeals in which the petitions could have been properly brought under 8 U.S.C. § 1252. . . ) (emphasis in original).

respond to that which he claims he never received.  He gives no explanation for his inaction between November 17, 2000, when he received his Notice To Appear, and July 7, 2006, when he was arrested.

While petitioner details the personal consequences of deportation, he fails to address the position of the government that his post-REAL ID habeas petition was filed in the wrong court, and the statutory provision that no court has jurisdiction to adjudicate claims "arising from the decision or action by the Attorney General to. . . execute removal orders against any alien under this Act," 8 U.S.C. § 1252(g),[5] the scope of which the Court notes was addressed by the Supreme Court in <u>Reno v. American-Arab Anti-Discrimination Committee</u>, 525 U.S. 471 (1999). Although the Court initially denied the Emergency Motion for Stay of Removal, both parties addressed the issue of stay in their filings, and thus the Court reconsiders the petitioner's Motion for Stay.  An Order of Stay [Doc. # 10] was recently entered as

---

[5] 8 U.S.C. § 1252(g) provides in full:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code [28 USCS § 2241], or any other habeas corpus provision, and sections 1361 and 1651 of such title [28 USCS §§ 1361 and 1651], no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

an interim measure, reflecting the Court's view that the requested stay related to the habeas petition,[6] not the recently filed motion to reopen the immigration proceedings.

After enactment of the REAL ID Act, district courts with pending habeas petitions challenging deportation orders transferred these petitions to the proper appeals courts, as statutorily directed, but simultaneously issued stays of removal pending review by or further order of the court of appeals.  See Hernandez v. Gantner, No. 04CV7142, 2006 WL 2270391 (S.D.N.Y. Aug. 7, 2006); Martinez v. Ashcroft, No. 04CV3397, 2005 WL 1765713 (S.D.N.Y. July 25, 2005); Campos-Javier v. Ashcroft, No. 04CV908, 2005 WL 1330922 (S.D.N.Y. June 6, 2005); Pierre v. Upchurch, No. 04CV1340, 2005 U.S. Dist. LEXIS 15131 (N.D. Tex.

---

[6] 8 U.S.C. § 1252(e)(2) provides:

Judicial review of any determination made under 235(b)(1) [8 USCS § 1225(b)(1)] is available in habeas corpus proceedings, but shall be limited to determinations of--
    (A) whether the petitioner is an alien,
    (B) whether the petitioner was ordered removed under such section, and
    (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 207 [8 USCS § 1157], or has been granted asylum under section 208 [8 USCS § 1158], such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 235(b)(1)(C) [8 USCS § 1225(b)(1)(C)].

July 25, 2005).[7]  Although Kuruca's habeas petition was not pending at the time REAL ID was passed, and thus cannot be transferred, these earlier cases provide some oblique precedent for this Court's authority to issue a limited stay of removal under extraordinary circumstances to permit a misfiled petition to be properly filed, even though the exclusive means for judicial review of the order of removal is a petition filed in the court of appeals.  The district courts in these cases, although having transferred the petitions, nonetheless stayed petitioners' removals pending disposition or further order of the transferee court.

It is, however, unnecessary to wade further into these uncharted waters,[8] because on reconsideration the Court finds no extraordinary circumstances presented by petitioner's counsel to justify further exercise of this uncertain authority.  Petitioner has never attempted to refile in the Eleventh Circuit, despite the clear language of § 1252(b)(2), as well as respondent's obviously correct position in its briefing that the petition must

---

[7] See also Laguna-Santana v. Robinson, No. 05-0567-L § P, 2005 U.S. Dist. LEXIS 40858 (W.D. La. June 3, 2005) (Methvin, Mag. J.), adopted, 2005 U.S. Dist. LEXIS 40859 (W.D. La. June 28, 2005) (Melancon, J.) (granting the request for temporary stay of removal and enjoining removal of petitioner "pending further orders of this court" (emphasis added), while ordering transfer of the petition to the Eleventh Circuit).

[8] The Second Circuit's recent Moreno-Bravo, 2006 WL 2615254, supra note 4, is expressly inapplicable to this situation where a petition for review is incorrectly filed in the district court.

be filed there.  In addition, notwithstanding the opportunity accorded petitioner for response, the only actions taken since filing his petition were to have an I-130 application submitted on his behalf on August 7, 2006 (Petr. Response Ex. 2) and to file a motion to reopen with the EOIR in Miami on September 15, 2006.  Inasmuch as petitioner had the opportunity to refile with the Eleventh Circuit and to there renew his request for stay pending its determination, but failed to do so without explanation, no reason is apparent why a stay would be justified.

**IV. Conclusion**

Accordingly petitioner's Petition for Writ of Habeas Corpus [Doc. #1] is DISMISSED WITHOUT PREJUDICE to refile in the Eleventh Circuit, and after reconsideration the Order of Stay [Doc. #10] is VACATED.

IT IS SO ORDERED.

/s/

_____JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 22nd day of September, 2006.**